IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

DAVID-INVICTUS: WHEELER,            )
                                    )
       Plaintiff,                   )
                                    )
vs.                                 )    Case No. 5:12-cv-2578-TMP
                                    )
BRUCE E. WILLIAMS; RUTH ANN HALL;   )
CITY OF HUNTSVILLE; S. MITCHELL     )
HOWIE; and TALLITHA VEZELL          )
LAWSON WHEELER,                     )
                                    )
       Defendants.                  )

REPORT AND RECOMMENDATION

      This action was commenced on July 27, 2012, by the filing of a *pro se* complaint, accompanied by a motion for leave to proceed *in forma pauperis*. On August 29, 2012, the court granted to the *IFP* motion, but directed the plaintiff to replead his complaint to allege *facts* supporting his purported claims against the defendants under 42 U.S.C. § 1983. Quoting from *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009), the court explained to the plaintiff that his amended complaint must state *facts*, not mere legal conclusions, in order to show a plausible claim for relief. The court went further and explained to the plaintiff what he had to include in the amended complaint, saying:

> Such "factual content" must describe, with respect to each separate defendant, the actual events and actions taken by the defendants that amount to the alleged constitutional violations. The facts in the complaint must tell the court what happened, what each defendant did, and how those actions violated the constitutional rights of the plaintiff. Under Rule 10(b) of the Federal Rules of Civil Procedure, each

legal claim of a violation of rights must be stated in a separate count of the complaint in order to distinguish between the various by various defendants that separately rise to the level of a constitutional violation.

(Doc. 3, p. 3).

Unbeknownst to the court at the time, plaintiff also filed an amended complaint on August 29, 2012. Nevertheless, in response to the court's order to amend, plaintiff filed another amended complaint on September 17, 2012. The September 17 amended complaint is similar to the August 29 amended complaint, except that some of its paragraphs are renumbered and new paragraphs 32-44 and 110-127 are inserted.[1] The newly-inserted paragraphs give new legal citations and arguments, but no real *factual* allegations.

Finding the September amended complaint failed to meet the *Twombly/Iqbal* requirement of factual allegations raising a plausible claim for relief, the court entered yet another order, dated October 19, 2012, directing the plaintiff to amend his complaint to allege *facts*, not legal citations and conclusions. In doing so, the court again explained to plaintiff:

> Again, the court stresses that the amended complaint must set forth *facts* describing what each defendant is alleged to have done or failed to do that resulted in a violation of plaintiff's constitutional rights. In *factual terms* (not legal jargon), the amended complaint must separately describe the acts, omissions, or events by which each defendant is alleged to have violated plaintiff's rights. To the extent plaintiff alleges a conspiracy among the defendants, he must allege *facts* from which it can be reasonably inferred that there was an actual agreement or meeting of the minds among to the defendants for the purpose of depriving plaintiff of constitutional rights. The amended complaint must allege simple, straight-forward, unadorned FACTS.

(Doc. 6, p. 3).

---

[1] Also, several paragraphs were reworded to insert into each the introductory phrase: "Petitioner brings before the Court the following in support of his claims against the Defendants Libellees."

In response to this order, plaintiff filed a third amended complaint on October 26, 2012, this one styled: "Complaint for Constructive Trust." Under the only heading for a "cause of action," the complaint names Judge Bruce Williams as the only defendant. It is not clear whether plaintiff intends to forgo his claims against the defendants named in earlier versions of the complaint, or whether this is simply an attempt to allege an *additional* cause of action against Judge Williams, together with those he attempted to plead in the earlier complaints. Of course, the rule in the Eleventh Circuit is that an amended complaint supersedes and supplants the original and earlier amended complaints. "As a general matter, '[a]n amended pleading supersedes the former pleading; the original pleading is abandoned by the amendment, and is no longer a part of the pleader's averments against his adversary.'" *Pintando v. Miami-Dade Housing Agency*, 501 F.3d 1241, 1243 (11th Cir. 2007), quoting *Dresdner Bank AG, Dresdner Bank AG in Hamburg v. M/V OLYMPIA VOYAGER*, 463 F.3d 1210, 1215 (11th Cir. 2006); *Fritz v. Standard Security Life Ins. Co.*, 676 F.2d 1356, 1358 (11th Cir. 1982). Applied to this case, only plaintiff's "Complaint for Constructive Trust" alleges any claims before the court, as the other complaints have been abandoned. Bur even assuming, under the circumstances of this case, that the rule should not apply or that the most recent amended complaint should be treated only as an amendment to add new allegations to the September 17 complaint, whatever is before the court is due to be dismissed.

I. Dismissal for Failure to Comply with Orders to Amend

Despite the court's repeated attempts to give the plaintiff a chance to explain the *facts* underlying his claims, he has failed or refused to do so. Plaintiff continues to insist on obscuring the simple facts of his claim with unnecessary layers of prolix legal jargon and trivia. Whichever

complaints the court wishes to review, all are larded with references to the Uniform Commercial Code, Alexander Hamilton, the Constitution, the Smith Act, the United Nations Declaration of the Rights of Indigenous Peoples, the Universal Declaration of Human Rights, the Torah, the Civil Rights Acts of 1866 and 1871, various state and federal criminal statutes, a multitude of irrelevant case citations, and even *Corpus Juris Secundum* and the sixth edition of Black's Law Dictionary. In the end, plaintiff simply fails to tell the court in *factual terms* what happened to him that he believes violated his federally-protected rights. The most fundamental purpose of a complaint is to set forth "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(a)(2) of the Federal Rules of Civil Procedure. None of these complaints does so. While, as the court mentioned in an earlier order to amend, the court can guess that plaintiff is involved in some sort of domestic relations case in the Madison County Circuit Court involving his children or visitation and support payments to his children, the court is not permitted to guess what the plaintiff is complaining about; and, more importantly, the court may not require the defendants to respond to a complaint that does not tell them what is alleged against them. A complaint is really simple. More than anything, it should set out the names, dates, places, and events that make up an alleged violation of protected rights.

Courts have the inherent authority to dismiss complaints for willful failure to comply with the court's earlier orders. *See Schmitt v. U.S. Office of Personnel Management*, 403 F. App'x 460, 461 (11th Cir. 2010) ("The court also has the inherent ability to dismiss a claim in light of 'its authority to enforce its orders and provide for the efficient disposition of litigation.'"), quoting *Zocaras v. Castro,* 465 F.3d 479, 483 (11th Cir. 2006); *see also Muhammad v. Bethel*, 430 F. App'x 750, 752 (11th Cir. 2011) ("A district court may *sua sponte* dismiss an action under Federal Rule of

Civil Procedure 41(b) for failing to comply with a court order"), quoting *Lopez v. Arkansas County Independent School District*, 570 F.2d 541, 544 (5th Cir.1978). Although dismissal of a claim is a last resort, a court is not required to expend inordinate time and resources allowing a *pro se* plaintiff to refuse to comply with the Rule 8 and Rule 10 pleading standards that apply to every other litigant. After a plaintiff has been given a reasonable opportunity to comply with orders, the repeated failure to do so can be regarded as a willful failure.

In this case, plaintiff's repeated failure to allege the *facts* underlying his claims must be treated as willful. The court cannot discern the basis of his claims, nor would it be fair to ask the defendants to defend against such poorly articulated pleadings. Because plaintiff was given at least two chances to comply with the court's instructions regarding amending the complaint to allege *facts* and he failed to do so, the action must be dismissed.

### II.  Review of IFP Pleadings by a Non-Prisoner

Once the plaintiff was given leave to file his complaint without prepayment of fees, pursuant to 28 U.S.C. § 1915(a)(1), his complaint became subject to the additional screening requirements of § 1915(A)(b). Nevertheless, his complaint is subject to dismissal by the court if it is frivolous or malicious. *See* 28 U.S.C. § 1915(e)(2)(B). As one district court has explained:

> The screening process under 28 U.S.C. § 1915(e)(2)(B) applies to *pro se* litigants who are proceeding *in forma pauperis. Boyington v. Geo Group, Inc.,* 2009 WL 3157642 (M.D. Fla.), *citing Troville v. Venz,* 303 F.3d 1256, 1260 (11th Cir. 2002) (dismissals under 28 U.S.C.1915 apply to non-prisoners, even if fee assessment provisions do not). In order to authorize a litigant to proceed *in forma pauperis,* the court must make two determinations: first, whether the litigant is unable to pay the costs of commencing this action; and second, whether the action is frivolous or malicious." *Dycus v. Astrue,* 2009 WL 47497, at *1 (S.D. Ala. 2009). An application to proceed *in forma pauperis* may be denied if the plaintiff either fails to

5

satisfy the poverty requirement or if plaintiff's claim is frivolous. *Martinez v. Kristi Kleaner's Inc.,* 364 F.3d 1305, 1306 (11th Cir. 2004); *see also Attwood v. Singletary,* 105 F.3d 610, 613 (11th Cir. 1997) (stating that a court may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious).

A claim is frivolous if it is based on an indisputably meritless legal theory. *Neitzke v. Williams,* 490 U.S. 319, 317 (1989) (applying section 1915). This circuit has defined a frivolous claim under section 1915 as being one 'without arguable merit." *Harris v. Menendez,* 817 F.2d 737, 739 (11th Cir. 1987) (quoting *Watson v. Ault,* 525 F.2d 886 892 (5th Cir.1976)). 'Arguable means capable of being convincingly argued. *"Moreland v. Wharton,* 899 F.2d 1168, 1170 (11th Cir.1990) (per curiam) (*quoting Menendez,* 817 F.2d at 740 n. 5); *see Clark v. State of Ga. Pardons and Paroles Bd.,* 915 F.2d 636, 639 (11th Cir.1990) (lawsuit is frivolous if the plaintiff's chances of ultimate success are slight); *see also Weeks v. Jones,* 100 F.3d 124, 127 (11th Cir.1996) (stating that [f]actual allegations are frivolous for purpose of [28 U.S.C.] 1915(d) when they are clearly baseless; legal theories are frivolous when they are indisputably meritless.") (citations omitted).

*Withey-Martin v. Liverman*, 1:12-CV-53-MP-GRJ, 2012 WL 913384 (N.D. Fla. Mar. 8, 2012) *report and recommendation adopted*, 1:12CV53-MP-GRJ, 2012 WL 913282 (N.D. Fla. Mar. 18, 2012). Although a *pro se* litigant's allegations are entitled to the benefit of liberal construction, *Haines v. Kerner,* 404 U.S. 519, 520 (1972), the court does not have "license ... to rewrite an otherwise deficient pleading [by a pro se litigant] in order to sustain an action." *GJR Investments v. County of Escambia, Fla.,* 132 F.3d 1359, 1369 (11th Cir. 1998) (*overruled on other grounds* by *Iqbal* ).

III.  Plaintiff's Claims are Frivolous

Whether the court looks only at the constructive trust claim asserted in the most recent amended complaint or attempts to glean claims from plaintiff's earlier pleadings, all appear to be frivolous for purposes of dismissal under § 1915. Plaintiff's most recent claim for the imposition

6

of a constructive trust against Judge Williams is barred by the defendant's Eleventh Amendment immunity and judicial immunity, and it violates the *Rooker-Feldman* doctrine.

The crux of the plaintiff's claim is alleged in the amended complaint, as follows:

> Defendant [Judge Williams] issued a Pendente' lite order to garnish Petitioner's wages without proof of claim or authority and has provided no record or evidence supporting the overruling of the Constitution for the United States of America or his exemption from the penalty of Fraud, Perjury and or Title 42 sections 1983, 1985, 1986, and 1988.
>
> By reason of the fraudulent and otherwise wrongful manner in which Defendant obtained his alleged right, claim or interest in and to Petitioner's Property, Defendant had no legal or equitable right, claim or interest therein, but, instead, Defendant is an involuntary trustee holding said Property and in constructive trust for Petitioner with the duty to convey the same to Petitioner forthwith.

(Doc. 7, p. 2). To the extent plaintiff alleges that Judge Williams, acting in his *official* capacity as an Alabama circuit judge, improperly entered a *pendente lite* order to garnish the plaintiff's wages (apparently in connection with a child-support order), Judge Williams was acting as an Alabama state official, entitled to the same immunity as the state itself from any federal-court judgment imposing a duty to pay money. Indeed, suing Judge Williams in his *official* capacity is nothing more than suing the State of Alabama itself, which is barred by Eleventh Amendment immunity. *See Kentucky v. Graham*, 473 U.S. 159, 165-66, 105 S. Ct. 3099, 3105, 87 L. Ed. 2d 114 (1985) ("Official-capacity suits, in contrast, 'generally represent only another way of pleading an action against an entity of which an officer is an agent.'"), quoting *Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 690, n. 55, 98 S. Ct. 2018, 2035, n. 55, 56 L. Ed. 2d 611 (1978). There is no allegation that Judge Williams was acting in any capacity other than as a state circuit judge, and indeed, absent that authority, he could not have entered such an order.

Assuming, however, that plaintiff wants to sue Judge Williams in his *personal* capacity, the judge is entitled to judicial immunity. Plainly, the plaintiff alleges that Judge Williams used his authority as a circuit judge to garnish the plaintiff's wages. There is no allegation that Judge Williams is not a circuit judge, or that his judicial position did not have jurisdiction over the matter about which the order was entered. There is a long line of Supreme Court cases recognizing the absolute immunity of judges from damages against them personally for actions taken in their capacity as a judge. *See Stump v. Sparkman,* 435 U.S. 349, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978); *Pierson v. Ray,* 386 U.S. 547, 87 S. Ct. 1213, 18 L. Ed. 2d 288 (1967); *Mireles v. Waco*, 502 U.S. 9, 112 S. Ct. 286, 287, 116 L. Ed. 2d 9 (1991). A judge loses his immunity only in two circumstances:

> First, a judge is not immune from liability for nonjudicial actions, *i.e.,* actions not taken in the judge's judicial capacity. *Forrester v. White,* 484 U.S., at 227-229, 108 S.Ct., at 544-545; *Stump v. Sparkman,* 435 U.S., at 360, 98 S. Ct., at 1106. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction. *Id.,* at 356-357, 98 S. Ct., at 1104-1105; *Bradley v. Fisher,* 13 Wall., at 351.

*Mireles v. Waco*, 502 U.S. 9, 11-12, 112 S. Ct. 286, 288, 116 L. Ed. 2d 9 (1991). Neither of those circumstances is alleged here. Rather, plaintiff unmistakably alleges that it was a judicial act by Judge Williams that resulted in the garnishment of his wages, and there is no assertion that an Alabama circuit judge completely lacks jurisdiction to enter such an order.

In another case involving a child-support obligor, the Eleventh Circuit affirmed the dismissal of a § 1983 claim against the judge, saying:

> "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." [*Bolin v. Story*, 225 F.3d 1234, 1239 (11th Cir. 2000)]. Whether a judge's actions were made while acting in his judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his judicial capacity. *Scott v. Hayes,* 719 F.2d 1562, 1565 (11th Cir. 1983).

*Sibley v. Lando*, 437 F.3d 1067, 1070 (11th Cir. 2005). In that case, the Eleventh Circuit concluded that a state judge who issued a "bodily attachment" to the plaintiff-child support obligor was entitled to absolute judicial immunity.

The same is true here with respect to the Judge Williams' decision to issue a garnishment order with respect to plaintiff's child-support obligation. Judge Williams acted clearly in his judicial capacity in a case assigned to him, and he did not act in the "clear absence" of jurisdiction. Whether he correctly or erroneously entered the garnishment order, he is judicially immune from being sued for money over it. Therefore, this claim is barred against Judge Williams personally by his judicial immunity.

Likewise, the claim itself violates the *Rooker-Feldman* doctrine. In *Powell v. Powell*, 80 F.3d 464 (11th Cir. 1996), the Eleventh Circuit applied the *Rooker-Feldman* doctrine to bar a suit challenging a state divorce court's order dividing naval retirement pay between the divorcing parties. The court described the doctrine, saying:

> According to the *Rooker-Feldman* doctrine, "a United States District Court has no authority to review final judgments of a state court in judicial proceedings. Review of such judgments may be had only in [the United States Supreme Court]." *District of Columbia Court of Appeals v. Feldman,* 460 U.S. 462, 482, 103 S. Ct. 1303, 1315, 75 L. Ed. 2d 206 (1983). The doctrine has two statutory bases: (1) 28 U.S.C. § 1257, which limits federal review of state court proceedings to the United States Supreme

9

> Court, and (2) 28 U.S.C. § 1331, which provides that federal district courts are courts of original jurisdiction. *See Rooker v. Fidelity Trust Co.,* 263 U.S. 413, 415-16, 44 S. Ct. 149, 150, 68 L. Ed. 362 (1923).

*Id.* at 466; *see also Trimble v. U.S. Social Security Administration.*, 369 F. App'x 27, 32 (11th Cir. 2010) *cert. denied*, 130 S. Ct. 3537, 177 L. Ed. 2d 1102 (U.S. 2010) (applying *Rooker-Feldman* doctrine to bar a federal action challenging a state-court's order to the Social Security Administration garnishing the plaintiff's benefits for payment of child support).

In this case, the plaintiff is attempting to challenge the *pendente lite* garnishment order entered against him by Judge Williams, using the vehicle of a constructive trust under § 1983. The proper avenue for challenging the order was appeal to the Alabama state courts, not a civil rights action in this court. This court "has no authority to review final judgments of a state court in judicial proceedings" under the *Rooker-Feldman* doctrine. The plaintiff's claim in this case must be dismissed.

As mentioned earlier, even if the court goes beyond the latest amended complaint and reviews the claims in plaintiff's earlier amended complaints, those claims also are frivolous. As to Judge Ruth Ann Hall, it is not clear what action she took that plaintiff complains about, but she too is a state circuit judge, entitled to the same judicial immunity described above for Judge Williams. Further, the City of Huntsville is not responsible for any actions taken by Judges Williams and Hall. As state circuit judges, they are judicial officers of the State of Alabama, not employees or agents

of the City of Huntsville.² The amended complaints simply fail to point out any factual basis for holding the City liable, despite the plaintiff being given multiple opportunities to do so.

Defendant Howie appears to be an attorney representing Tallitha Vezell Lawson Wheeler in a child-support dispute with plaintiff.³ As a private attorney, Howie is not a "state actor" or acting under color of state law for purposes of § 1983 liability, absent a clear, fact-based allegation that he conspired with a state official to violate the plaintiff's rights. *Polk County v. Dodson*, 454 U.S. 312, 325, 102 S. Ct. 445, 453, 70 L. Ed. 2d 509 (1981)("[A}public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). There is no such allegation, even though the plaintiff has been given multiple chances to plead the facts of his claims.

Finally, although plaintiff alleges that defendant Tallitha Wheeler is a state employee, he does not allege that her purported liability to him arises from any action she took in her state employment. Rather, as best the court can glean from all of plaintiff's pleadings, Tallitha Wheeler appears to be his ex-wife who, through the efforts of her attorney, Howie, has obtained a child-support order against plaintiff, which is being enforced through the use of a garnishment order. As such, even if she is employed by the State, she is simply a private person, not acting under "color of state law" for purposes of § 1983 liability. Private litigants seeking relief in a state court do not become "state

---

² Even if Judges Williams and Hall could be regarded as employees or agents of the City of Huntsville, that employment relationship alone would not be enough to attribute liability to the City. There is no *respondeat superior* basis for liability under § 1983. *See Monell v. New York City Dept. of Social Services*, 436 U.S. 658, 98 S. Ct. 2018, 56 L. Ed. 2d 611 (1978).

³ The court acknowledges that this requires a degree of speculation; however, the plaintiff has failed completely to allege any facts from which the court can understand the actual basis of his claim against Howie.

actors" merely for having done so.[4]  Plaintiff has failed to allege here how Tallitha Wheeler acted "under color of state law" by seeking and obtaining a garnishment order for collection of child support.

Conclusion and Recommendation

The magistrate judge RECOMMENDS that this action be DISMISSED WITHOUT PREJUDICE.  Not only has the plaintiff repeatedly failed to comply with the court's orders to file a simple, concise statement of the *facts* constituting his claims, those claims the court is able to discern from the various pleadings appear to be frivolous.  Without a clearer, simpler statement of *facts*, the court cannot understand plaintiff's claims nor should the court require the defendants to speculate about the claims against them.  Because the plaintiff has been given several opportunities to plainly state the *facts* and he has failed to do so, the complaint must be dismissed.

Plaintiff may file specific written objections to this report and recommendation within fifteen (15) days from the date it is filed in the office of the Clerk.  Failure to file written objections to the proposed findings and recommendations contained in this report and recommendation within fifteen (15) days from the date it is filed shall bar an aggrieved party from attacking the factual findings on appeal.  Written objections shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection.  Objections not meeting this specificity requirement will not be considered by a district judge.

---

[4] The court recognizes that line of cases beginning with *Lugar v. Edmondson Oil Co., Inc.*, 457 U.S. 922, 102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982), where the courts have recognized that a private litigant seeking to invoke state remedy acts "under color of state law." However, *Edmondson* expressly limits the scope of its holding to instances where the state law invoked by the litigant is itself unconstitutional, not merely where it is improperly or incorrectly applied.

A party may not appeal a magistrate judge's recommendation directly to the United States Court of Appeals for the Eleventh Circuit. Appeals may be made only from a final judgment entered by or at the direction of a district judge.

The Clerk is DIRECTED to serve a copy of this report and recommendation upon the plaintiff.

DONE this 5th day of November, 2012.

_____
T. MICHAEL PUTNAM
U.S. MAGISTRATE JUDGE